**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Anthony Germaine Johnson, | ) | |
| | ) | **ORDER ON MOTION TO VACATE,** |
| Movant, | ) | **SET ASIDE, OR CORRECT** |
| | ) | **SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:24-cv-44 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-cr-218(2) |
| | ) | |
| Anthony Germaine Johnson, | ) | |
| | ) | |
| Defendant. | ) | |

Movant, Anthony Germaine Johnson, seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 126). The United States opposes the motion. (Doc. 144). Johnson's motion raises legal issues that are ripe for review without an evidentiary hearing. After careful consideration, the motion is denied.

**I.      BACKGROUND**

A two-count Indictment charged Johnson in Count One with conspiracy to distribute methamphetamine involving more than 500 grams of a mixture containing a detectable amount of methamphetamine and more than 50 grams of actual (pure) methamphetamine. (Doc. 2 at 1-4). Count Two charged Johnson with possession with intent to distribute in excess of 50 grams actual (pure) methamphetamine. Id. at 4. Johnson pleaded guilty to Count Two, possession of actual (pure) methamphetamine, pursuant to a Plea Agreement with the United States. (Docs. 61, 62, 68).

1

The Plea Agreement specifically provided that the statutory maximum term of imprisonment was life, and a ten-year minimum mandatory sentence applied. (Doc. 61, ¶ 7). A Presentence Investigation Report (PSIR) was prepared, calculating Johnson's anticipated guideline range as 108 to 135 months imprisonment based on a criminal history category III. (Doc. 92, ¶ 55). The PSIR acknowledged that a minimum mandatory sentence of ten years applied, which effectively made the guideline range 120 to 135 months. Id. The Court sentenced Johnson to 120 months imprisonment, the minimum mandatory sentence required by statute. (Doc. 102). Upon motion of the United States, Count One of the Indictment charging conspiracy was dismissed. Id.

Despite a limited waiver of the right to appeal in his Plea Agreement, Johnson attempted to appeal his sentence.[1] He filed a Notice of Appeal nearly eleven months after the criminal judgment was entered.[2] (Doc. 122). The Eighth Circuit Court of Appeals dismissed Johnson's appeal as untimely. (Doc. 128).

Johnson filed a § 2255 motion on March 15, 2024, seeking "any relief to which he may be entitled" based on alleged ineffective assistance of counsel. (Doc. 126 at 4; Doc. 126-1 at 13). Johnson alleges his defense counsel, Attorney Matthew Dearth, was ineffective in several respects. First, Johnson claims Dearth should have objected to the United States Sentencing Guidelines provisions regarding methamphetamine purity. (Doc. 126-1 at 2). He claims no other controlled substance is punished more severely based on purity and there is no empirical evidence to support the Sentencing Commission's approach to methamphetamine purity. Id. at 3-4. Because his

---

[1] The Plea Agreement allowed for an appeal only in the event that Johnson was sentenced to a term of imprisonment above the upper end of the guidelines range. (Doc. 61, ¶ 21). Johnson's sentence fell within the guidelines range. So, the appeal waiver applied.

[2] Johnson was advised at his sentencing hearing that he had fourteen days to appeal. (Doc. 138, p. 20).

2

counsel did not object to the Guidelines' distinction between a "mixture of methamphetamine" and "actual methamphetamine," Johnson contends he is serving an excessive sentence. Id. at 6. Johnson also faults his counsel for failing to object that Johnson was charged with "methamphetamine actual vs. a mixture [of] methamphetamine." Id. at 7.

In addition, Johnson claims Attorney Dearth (1) failed to keep him informed; (2) told him a better plea agreement would not be offered and the United States might pull the offer if he did not accept the agreement; (3) failed to challenge evidence at sentencing that persuaded the Court to sentence him more harshly; (4) failed to object to two points that were allegedly added to his base offense level, which were related to a dismissed charge; (5) advised Johnson not to fire counsel prior to sentencing because "[h]e would not be successful;" (6) failed to ensure that Johnson was not given an unconstitutional sentence; and (7) "defense counsel could [have] avoided future motions to be sent to the courts attacking the validity of his federal conviction." Id. at 7-9. Johnson claims because of these failures, he "did not knowingly, intelligently and voluntarily waive his right to object to how his sentence was determined." Id. at 9.

The United States argues the motion should be denied because some of Johnson's contentions are contradicted by the record, others are frivolous, and he cannot establish that counsel was ineffective or that he suffered prejudice. (Doc. 144). The United States also presents an affidavit from defense counsel, Matthew Dearth, that specifically refutes Johnson's claims. (Doc. 144 at 2-3; Doc. 144-1).

## II.     LEGAL STANDARDS

A motion under 28 U.S.C. § 2255 provides an avenue for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). Section

2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis v. United States, 417 U.S. 333, 343 (1974). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)). Section 2255 "does not encompass all claimed errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). Beyond jurisdictional and constitutional errors, the scope of § 2255 extends only to an error of law that is "a fundamental defect which inherently results in a complete miscarriage of justice." Id. (internal quotations and citation omitted).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

### III.   DISCUSSION

#### A.   Sentencing Claims

Many of Johnson's complaints reflect a misapprehension of the facts and law and, therefore, must be rejected.

##### 1.   *Addition of Two Points*

Johnson argues that two points were incorrectly added to his base offense level for conduct related to a dismissed charge. To begin, "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." Sun

4

Bear, 644 F.3d at 704 (internal quotations and citation omitted). Johnson has not alleged, and cannot allege, sufficient facts to demonstrate a "miscarriage of justice." He was sentenced to the statutorily required mandatory minimum sentence of ten years. See 21 U.S.C. § 841(b)(1)(A).

Moreover, the Court has reviewed the PSIR prepared for Johnson. Johnson's guideline range was calculated appropriately. (Doc. 92, ¶¶ 14-23). There is no basis in fact for his contention that two additional points were added to his base offense level for conduct involving the dismissed count of conspiracy. The base offense level was calculated as 32, based on at least 150 grams actual (pure) methamphetamine but less than 500 grams, in accordance with U.S.S.G. § 2D1.1(a)(5) and (c)(4). Id. ¶ 14. The base offense level used in the PSIR is consistent with Johnson's Plea Agreement, in which Johnson agreed "the base offense level . . . for Defendant's conduct is 32 (USSG § 2D1.1(c)(4) (greater than 150 grams actual (pure) methamphetamine but less than 500 grams of actual (pure) methamphetamine.)" (Doc. 61, ¶ 13). No upward adjustments were made to Johnson's base offense level. (Doc. 92, ¶¶ 15-20). Johnson received downward adjustments for acceptance of responsibility (two points) and timely notice of intention to plead guilty (one point), for a total offense level of 29. Id. ¶¶ 21-22. Johnson's contention that two points were added to his guideline calculation is contradicted by the record and does not provide a basis for § 2255 relief.[3] Sun Bear, 644 F.3d at 704.

---

[3] Insofar as Johnson questions why the base offense level of 32 was used, this was a stipulation made in the Plea Agreement. Furthermore, the PSIR reflects that methamphetamine seized from Johnson's backpack was tested at the North Dakota Crime Laboratory. (Doc. 92, ¶ 9). That methamphetamine weighed 264.4 grams and was of 97% purity. Id. The PSIR writer concluded that Johnson's participation was consistent with his Plea Agreement acknowledgement that greater than 150 grams of actual (pure) methamphetamine were involved. Id. The Court agreed and adopted that finding at sentencing. (Doc. 138, pp. 5-6; Doc. 103).

### 2.     *Failure to Challenge Evidence*

Johnson next asserts his counsel should have challenged the evidence that persuaded the Court to sentence him to a higher rather than a lower sentence. (Doc. 126-1 at 8). Johnson provides no details about the "evidence" to which he vaguely refers. Regardless, this contention ignores that Johnson was sentenced to the mandatory minimum sentence of ten years required by statute. See 21 U.S.C. § 841(b)(1)(A). There was no evidence triggering this sentence beyond the amount of actual (pure) methamphetamine involved in Johnson's conduct. Johnson stipulated to that amount in his Plea Agreement, and the discovery documents provided evidentiary support for the stipulation. (Doc. 61, ¶ 13; Doc. 92, ¶ 9).

As the Court explained at his sentencing hearing:

> Mr. Johnson, I have reviewed the entire file in this matter and I've reviewed the Sentencing Guidelines, the sentencing factors under 18, U.S. Code, 3553(a), and I've considered the statements of counsel and your statement as well. And Mr. Dearth and Mr. Myers are right. At this point where the Court's at is that it can only impose a floor of 120 months. And since the recommendations of both parties appears to be that and **since the Court is statute bound to impose that**, I will order 120 months.

(Doc. 138 at 20) (emphasis added).

The Court had no authority to go below the mandatory minimum sentence unless the United States filed a motion under 18 U.S.C. § 3553(e) "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." See United States v. Freemont, 513 F.3d 884, 890-91 (8th Cir. 2008). Because the United States did not make such a motion, § 3553(e) did not apply to Johnson. Johnson's contention that his sentence was influenced by some vague unchallenged evidence is contradicted by the record and without merit.

### 3. *Unconstitutional Sentence*

Next is Johnson's conclusory contention that defense counsel failed to protect him from an unconstitutional sentence, and he was sentenced "outside and above the statutory maximum[.]" (Doc. 126-1 at 8-9). Those arguments are frivolous. Again, Johnson was sentenced to the mandatory minimum and that sentence fell within the statutory sentencing range of ten years to life. 21 U.S.C. § 841(b)(1)(A). His sentence is not unconstitutional, and Johnson makes no cogent argument to the contrary.[4] United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007) (observing "statutory minimum sentences remain constitutional, and it is constitutional for Congress to limit a court's authority to sentence below such minimums").

### B. **Ineffective Assistance of Counsel Claims**

The Court next turns to Johnson's remaining complaints asserting ineffective assistance of counsel. Johnson alleges Dearth was ineffective by (1) failing to object to the charges being brought as pure methamphetamine rather than a mixture of methamphetamine; (2) failing to keep Johnson informed of his case; (3) advising him to accept the plea agreement because no better offer would be made; (4) advising Johnson not to terminate counsel's representation before sentencing because "he would not be successful;" and (5) not avoiding "future motions to be sent to the courts attacking the validity of his federal conviction." (Doc. 126-1 at 7-9).

Johnson pleaded guilty to Count Two of the Indictment charging him with knowingly and intentionally possessing with intent to distribute in excess of 50 grams actual (pure) methamphetamine. "While a guilty plea taken in open court is not invulnerable to collateral attack

---

[4] To the extent Johnson challenges the Guideline provisions for methamphetamine crimes and their use of purity as a proxy for culpability, it is important to note that the driving force behind Johnson's sentence was the statutory mandatory minimum, not the Guideline range. (Doc. 126-1 at 2-5). So, his arguments about the Guidelines are irrelevant.

in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

This means that when a defendant has "solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 266 (1973). Exceptions to this principle have been carved out. See United States v. Vaughan, 13 F.3d 1187-88 (8th Cir. 1994) (noting exceptions for prosecutorial vindictiveness and double jeopardy). The Eighth Circuit has frequently stated the general rule as "a valid guilty plea operates as a waiver of all non-jurisdictional defects or errors." Id. (internal quotation marks and citation omitted). The general rule does not waive arguments regarding the validity of the plea itself, including allegations of ineffective assistance of counsel during the process. See Tollett, 411 U.S. at 267 (stating a defendant who has pleaded guilty may attack the voluntary and intelligent nature of the plea if he did not receive "reasonably competent advice"); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000) (allowing claim of ineffective assistance of counsel alleging counsel's errors induced him to plead guilty); see also Walking Eagle v. United States, 876 F. Supp.2d 1090, 1113 (D.S.D. 2012).

To succeed on a Sixth Amendment claim for ineffective assistance of counsel, a movant must prove not only that his attorney's performance was deficient but that he was prejudiced by that deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong of Strickland requires a movant to establish defense counsel's representation fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing

8

Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court applies a highly deferential standard of review to counsel's performance and indulges a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689-90; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). A court must further "eliminate the distorting effects of hindsight" and avoid second guessing by examining defense counsel's performance from counsel's perspective at the time of the alleged error. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 689).

To satisfy the second prong, the movant must demonstrate that defense counsel's deficient representation prejudiced the defense. Strickland, 466 U.S. at 687. Not every error undermines the reliability of a conviction. Morales v. Ault, 476 F.3d 545, 550 (8th Cir. 2007). Instead, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). If the Court can answer "no" to either the deficient performance or prejudice prong, the other prong need not be answered. Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

When a defendant asserts there are multiple deficiencies, each claim is reviewed independently, not cumulatively. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006). There is no "cumulative error" rule for ineffective assistance of counsel claims. United States v. Robinson, 301 F.3d 923, 925 n.3 (8th Cir. 2002).

### 1.     *Failing to object to charge as actual (pure) methamphetamine*

Johnson critiques Dearth for failing to object to him being charged with actual (pure) methamphetamine versus a mixture of methamphetamine. It is prudent to recall that Johnson was indicted by a Grand Jury. If Johnson wanted to challenge the purity of the methamphetamine, he had a right to do that in a jury trial. Johnson, however, waived his right to a jury and entered a knowing and voluntary plea of guilty before this Court. The Court, consistent with its regular practice, engaged in a thorough Rule 11 colloquy with Johnson to determine that his plea was knowingly and freely given. (See Doc. 68).

Additionally, Johnson provides no basis for a valid objection to the charge as indicted. The PSIR noted that the methamphetamine retrieved from Johnson's backpack tested as 97% pure methamphetamine by the North Dakota Crime Laboratory. Johnson also stipulated that the methamphetamine was actual (pure) methamphetamine in the Plea Agreement. (Doc. 61, ¶¶ 6,13). Counsel is not deficient for failing to raise a meritless objection. See United States v. Byrd, No. 4:07-cv-1060, 2008 WL 2676355, at *5 (E.D. Mo. July 1, 2008) (concluding counsel was not ineffective for failing to challenge a factual stipulation defendant agreed to at his plea hearing).

Finally, the Court notes that during the sentencing hearing Dearth attempted to critique the differing treatment of actual (pure) methamphetamine in the statutes and guidelines. He argued that "all the methamphetamine distributed in this country nowadays is considered pure meth and yet . . . we have a situation where occasionally what ends up happening is there is a perceived disparity because some individuals are not sentence[d] if the methamphetamine was pure meth and some are." (Doc. 138 at 7-8). Dearth acknowledged, and rightly so, that the testing was done and the methamphetamine in Johnson's backpack was pure methamphetamine. Id. at 8. This contention fails both prongs of the Strickland standard.

### 2. *Failing to keep Johnson informed of his case*

Johnson provides no facts for his contention that Dearth failed to keep him informed of his case nor does Johnson describe how he was prejudiced. Furthermore, the United States correctly points out that Johnson failed to raise any objections to his counsel or the advice he has been given during the sentencing hearing. (Doc. 144 at 3; see also Doc. 138 at 4-5). This contention fails both prongs of the Strickland standard.

### 3. *Advising Johnson to accept the plea agreement*

Similarly, Johnson fails to explain how Dearth was deficient in advising him to accept the plea agreement because no better deal would be offered and informing him the plea agreement could be withdrawn by the prosecution. (See Doc. 126-1 at 7). Indeed, this is critical information that a defendant needs to know when contemplating whether to accept a plea agreement. There is no constitutional right to enter a plea agreement. Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial."). And "[i]t is the prosecutor's prerogative to offer a [plea agreement] or no deal at all." Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997).

Furthermore, plea agreements "have a legitimate and desirable function in the effective administration of criminal justice" and are not disfavored. United States v. Cowan, 524 F.2d 504, 514 (5th Cir. 1975). "The principal value of counsel to the accused in a criminal prosecution often does not lie in counsel's ability to recite a list of possible defenses in the abstract nor in his ability . . . to amass a large quantum of factual data" to share with the defendant. Tollett, 411 U.S. at 268. Rather, defense counsel's value is in bringing "highly practical considerations as well as specialized knowledge of the law" to the table. Id. This often involves discussions of the strength

of the evidence, the potential for plea bargaining, and consideration of potential sentencing options. See id.

Moreover, the Court is aware Johnson's counsel competently advocated on his behalf and negotiated a favorable Plea Agreement for him. The Plea Agreement resulted in the dismissal of Count One, conspiracy to distribute controlled substances. The prosecution explained the significance of that dismissal at sentencing:

> As the Court may be aware, there are several co-defendants in this particular conspiracy and so the Plea Agreement is of benefit to Mr. Johnson as it's written and as negotiated by his counsel.
>
> In these cases we could argue for other drugs in the conspiracy that would be reasonably foreseeable in this case ***so this could have been a longer guideline sentence than negotiated by Mr. Dearth*** and so I just wanted to note that for the record. The Plea Agreement is of benefit to this particular defendant. He may not see it that way but I just thought that would be important to note for counsel and the Court.

(Doc. 138 at 10) (emphasis added).

Johnson fails to demonstrate how Dearth's advice was deficient or how he was prejudiced. This contention fails both prongs of the Strickland standard.

### 4. *Allegedly advising Johnson not to terminate counsel's representation before sentencing*

Johnson's next contention is contradicted by Johnson's statements, under oath, at the sentencing hearing that he was satisfied with the legal representation he had received, and he wished to proceed with the sentencing hearing. (Doc. 138 at 3-4). Even if the Court assumes, as alleged, that Dearth advised Johnson not to terminate his representation before the sentencing hearing because he would not be successful, Johnson has not shown how that advice was deficient or demonstrated prejudice as a result. (Doc. 126-1 at 8).

Dearth was court-appointed to represent Johnson under the Criminal Justice Act. (Doc. 42). Dearth's previous court-appointed counsel, Nicholas Thornton, had been allowed to withdraw after filing a motion and attending a hearing before Magistrate Judge Senechal. (Docs. 35, 40, 41). If Johnson wanted to terminate Dearth's appointment, he would have been required to seek court approval. A showing of prejudice requires Johnson to demonstrate a reasonable probability of success. DeRoo, 223 F.3d at 925 (concluding prejudice cannot be shown "if there is no reasonable probability that the motion would have been successful"); Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) ("No prejudice arises from counsel's failure to raise a claim that had little likelihood of success on the merits."). Johnson has not demonstrated a reasonable probability that the court would have granted a motion to terminate Dearth's representation prior to the sentencing hearing. This contention is without merit and fails to warrant relief.

### 5.     *Counsel's failure to avoid future motions attacking Johnson's conviction*

Finally, Johnson contends that Dearth "could [have] avoided future motions to be sent to the courts attacking the validity of his federal conviction." (Doc. 126-1). This contention is not developed into any cogent argument demonstrating deficient performance or prejudice under Strickland. It is without merit and fails to warrant relief.

### C.     **Evidentiary Hearing**

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). After careful review of the file and accepting his claims as true,

13

Johnson is not entitled to relief. So, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant legal authority. For the reasons set forth above, Johnson's motion to vacate, set aside, or correct sentence (Doc. 126) is **DENIED**. This matter is **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Johnson desires further review of his motion, he may request a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 7th day of May, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court